IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| JEFFREY KROTTINGER BROOKS, | § | |
| (TDCJ-CID #1558131) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3778 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Jeffrey Krottinger Brooks, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Polunsky Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a sentence imposed by a Texas state court.

The threshold issue is whether Brooks has stated meritorious grounds for federal habeas relief. This court finds that he has not, and this petition should be dismissed.[1]

**I.     Background**

On May 8, 2013, prison officials at the Polunsky Unit conducted a disciplinary hearing in disciplinary case 2013143818. The hearing officer found Brooks guilty of fighting. (Docket Entry

---

[1] A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

No. 2, Petitioner's Memorandum, p. 1). Brooks's punishment consisted of a loss of commissary privileges for forty-five days and cell restriction for forty-five days.

On December 27, 2013, this court received Brooks's federal petition. Brooks contends that his conviction in disciplinary case 2013143818 is void because he was denied due process. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

**II.     Analysis**

Procedural protections in the context of prison discipline is not the same as due process in the criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has historically held that the Due Process Clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good-time or the imposition of solitary confinement. *Id.* The Court held that inmates must be afforded written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently limited challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court referred to its discussion in *Wolff v. McDonnell*, regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that when discipline, even segregated confinement, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there was no "protected liberty interest" that would entitle the inmate to the procedural protections set forth in *Wolff. Id.* at 486.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good-time is not enough to trigger the protection of the Constitution. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good-time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time will not support relief to the extent that it adversely affects parole eligibility. *Sandin,* 515 U.S. at 487. However, the loss of good-time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker,* 104 F.3d at 769.

Brooks's punishment consisted of a loss of commissary privileges for forty-five days and cell restriction for forty-five days. The restrictions on Brooks's privileges are merely changes in the conditions of his confinement, which do not implicate due process concerns. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. *Id. See also Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000); *Pichardo v. Kinker,* 73 F.3d 612, 612-13 (5th Cir. 1996). Brooks did not lose good time credits.

Brooks's federal petition does not present grounds warranting habeas relief.

**III.     Conclusion**

Brooks's challenges to his disciplinary conviction lack merit. This case is dismissed. Brooks's constructive motion for leave to proceed as a pauper, (Docket Entry No. 1), is GRANTED.

Brooks's motion for discovery, (Docket Entry No. 3), is DENIED as moot. Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. This court will not issue a COA because Brooks has not made the necessary showing.

SIGNED at Houston, Texas, on January 23, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE